REDMANN, Chief Judge,
dissenting.
The Hertz rental agreement provides: Lessor warrants that, to the extent permitted by law, the [liability insurance] coverage for the rented truck or tractor is primary as respects any other insurance available to Customer [Southern Scrap] or other authorized operator as defined in this Agreement. [Bracketed words and emphasis supplied.]
Hertz’s position is that the insurance that North-West provided on the trailer also declares itself primary and is therefore co-primary. This position might be correct as to damages in excess of $25,000, but the damages here are only $17,500. North-West does not insure Southern Scrap against liability for the first $25,000 of damages in any accident.
It may well be true that a third person could by direct action recover against North-West for damages less than $25,000, but North-West would pay those damages out of Southern Scrap’s money. And another third person might recover a second judgment against North-West before Southern Scrap replenished its $25,000 retained . liability deposit and North-West’s own funds would be subject to execution: but North-West would recover from Southern Scrap because their contract provides that Southern Scrap retains the first $25,-000 of liability.
North-West simply does not insure Southern Scrap against liability for the first $25,-000. North-West has not by its contract undertaken the risk for that first $25,000 of liability or “undertake[n] to indemnify,” R.S. 22:5(1), Southern Scrap against that liability.
*922 Because North-West does not afford, within the first $25,000, “any other insurance available to Customer,” in the words of Hertz’s rental agreement, Hertz’s insurance is not merely primary but the only insurance against Southern Scrap’s liability.
The judgment dismissing the third-party demand against North-West should be affirmed.